IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2011 MAR 17 PM 4: 00
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| SOUTHWEST OFFICIALS ASSOCIATION, INC. D/B/A TEXAS ASSOCIATION OF SPORTS OFFICIALS, PLAINTIFF, | § § § § § | |
| V. | § § | CAUSE NO. A-10-CA-753-LY |
| TONY TIMMONS, AS DIRECTOR OF THE SPORTS OFFICIALS PROGRAM OF THE UNIVERSITY INTERSCHOLASTIC LEAGUE; CHARLES BREITHAUPT, AS EXECUTIVE DIRECTOR OF THE UNIVERSITY INTERSCHOLASTIC LEAGUE; RICK REEDY, AS SUPERINTENDENT OF FRISCO ISD; CURTIS CULWELL, AS SUPERINTENDENT OF GARLAND ISD; GREG POOLE, AS SUPERINTENDENT OF BARBERS HILL ISD; AND MARK HENRY, AS SUPERINTENDENT OF GALENA ISD, DEFENDANTS. | § § § § § § § § § § § § § § § § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' Motion to Dismiss filed October 29, 2010 (Doc. #23); Defendants' [Second] Motion to Dismiss filed November 23, 2010 (Doc. #37); Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint filed December 7, 2010 (Doc. #43); and Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss filed December 20, 2010 (Doc. #47). On October 20, 2010, the Court conducted a hearing on Plaintiff's Application for [Preliminary] Injunction (contained in Doc. #3), at the conclusion of which the Court rendered an order continuing the hearing until November 10, 2010, pursuant to the parties'

agreement, and ordering Defendants to file any motion to dismiss by November 8, 2010. In the interim, Plaintiff filed its Second Amended Complaint on November 8, 2010 (Doc. #28).

At the hearing on November 10, 2010, the Court considered the argument of counsel, including argument on Defendants' Opposed Emergency Motion to Strike Plaintiff's Second Amended Complaint (Doc. #30). At the conclusion of the hearing, the Court rendered an order denying Defendants' motion to strike, ordering Defendants to file any response to Plaintiff's Second Amended Complaint by November 23, 2010, and reset argument on Plaintiff's preliminary-injunction application and Defendants' motion to dismiss to November 24, 2010. Defendants filed its second Motion to Dismiss on November 23, 2010 (Doc. #37). At the November 24, 2010 hearing, the Court admitted the parties' evidence and heard the arguments of counsel on Plaintiff's preliminary-injunction application and Defendants' motions to dismiss.

On November 30, 2010, the Court rendered an order granting in part Plaintiff's application for preliminary injunction and enjoining Defendants from enforcing, implementing, or taking any action to effectuate the adoption of the November 6, 2009, and January 14, 2010 changes to UIL Rule 1204 pending the Court's ruling on Defendants' motions to dismiss now before the Court. Having considered the motions to dismiss, response, and reply, along with the argument of counsel and evidence admitted at the November 24, 2010 hearing, the Court will vacate its preliminary injunction, grant Defendants' motions to dismiss, and dismiss Plaintiff's claims for lack of standing.

## Background

Plaintiff Southwest Officials Association, Inc. d/b/a Texas Association of Sports Officials is a nonprofit organization whose members are Texas sports officials. Plaintiff filed suit in state court against Defendants Tony Timmons and Charles Breithaupt, Directors of the University

Interscholastic League ("UIL"), asserting that Defendants *ultra vires* acts, arising out of Defendants' "attempt to take over, tax, oversee, and regulate the occupation of sports officiating in the State of Texas, outside of any authority of the UIL or the State of Texas to do so," violated Plaintiff's due process, equal protection, and First Amendment rights under both the Texas and United States Constitutions. Plaintiff also asserted state-law claims for *ultra vires* acts, violations of the Open Meeting Act, and imposition of an illegal occupation tax. Defendants removed the cause to this Court on October 12, 2010. Plaintiff subsequently filed its Second Amended Complaint, in which Plaintiff joined several school-district superintendents as Defendants, on November 8, 2010.

Plaintiff alleges that the UIL has recently changed its rules to mandate that all school districts in Texas hire only sports officials who are registered with the UIL and have paid the UIL's fees, deleting all references to the Texas Association. *See* UIL CONSTITUTION AND CONTEST RULES § 1204(b). According to Plaintiff, the UIL has indicated registered officials will receive various benefits, including insurance, education, and representation on national rules committees. Plaintiff further alleges that Defendants have met with various local Texas Association divisions and chapters and made material misrepresentations for the purpose of intimidating members to leave the Texas Association and register with the UIL. Plaintiff asserts that Defendants' conduct has severely limited Plaintiff's market for its services and prohibited Plaintiff's members, who are not also registered with the UIL, from officiating. Plaintiff requests that the Court declare that section 1053.151 of the Texas Occupations Code and Title 22, section 5.133 of the Texas Administrative Code, facially and as applied to them, violate the First Amendment. Plaintiff further requests the Court issue a permanent injunction prohibiting Defendants from enforcing those portions of the UIL's amended rules.

## Analysis

*Standard of Review*

In their motions to dismiss, Defendants seek dismissal of Plaintiffs' claims for lack of subject-matter jurisdiction and failure to state a claim. *See* FED. R. CIV. P. 12(b)(1), (6). In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Once jurisdiction is challenged, the burden rests upon the party seeking to invoke the Court's jurisdiction to prove that jurisdiction is proper. *Boudreau v. United States,* 53 F.3d 81, 82 (5th Cir. 1995). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998) (internal quotations omitted).

Motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) are viewed with disfavor and are seldom granted. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Claims asserted in the complaint are liberally construed in favor of the plaintiff and all facts pleaded are taken as true. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, "[f]actual allegations must be enough to raise a right to relief above the speculation level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and quotations omitted); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 n.10 (5th Cir. 2007) (stating no longer is court to apply minimal standard of adequate

4

pleading described in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. See also Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

*Subject-Matter Jurisdiction and Standing*

Subject-matter jurisdiction determines whether a court has the power to entertain a particular claim, which is a condition precedent to reaching the merits of a legal dispute. *See Haywood v. Drown*, ___ U.S. ___, 129 S. Ct. 2108, 2126 (2009). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998). Standing is a jurisdictional requirement. *See Lewis v. Casey*, 518 U.S. 343, 349 n. 1, (1996); *N.A.A.C.P. v. City of Kyle*, 626 F.3d 233, 237 (5th Cir. 2010).

In *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992), the Supreme Court held that to satisfy standing a plaintiff must show that (1) it has suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *See also Friends of the Earth, Inc. v. Laidlaw Envtl, Servs., Inc.*, 528 U.S. 167, 180-81 (2000). The Supreme Court has recognized that

an association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 343 (1977).

Defendants argue that Plaintiff lacks associational standing because: (1) Plaintiff's members do not have standing to sue in their own right because the challenged registration requirement infringes no legally cognizable interest of any of Plaintiff's members;[1] (2) the challenged rule merely provides Plaintiff's members a choice to register with the UIL if they wish to officiate UIL games and, therefore, any alleged injury would be self inflicted; and (3) Plaintiff's claims require the participation of individual members because Plaintiff's claims arise out of an allegation that its members personally feel coerced to register with the UIL.[2] In response, Plaintiff asserts that its members will lose UIL officiating opportunities if they refuse to register with the UIL, and this "injury" confers standing to maintain its constitutional claims.

Plaintiff's claim that its members will lose UIL officiating opportunities if they choose not to register with the UIL does not constitute "injury" that confers standing to maintain a federal cause of action, because Plaintiff's claim that its members should not have to register with the UIL to

---

[1] *See Pederson v. Louisiana State Univ.,* 213 F.3d 858, 871 (5th Cir. 2000) ("As a general matter, injury in fact is the 'invasion of a legally protected interest.'") (quoting *Northeastern Fla. Chapter of the Associated Gen. Contractors of Am. v. City of Jacksonville,* 508 U.S. 656, 663 (1993)).

[2] *See, e.g., Cornerstone Christian Schs. v. Univ. Interscholastic League,* 563 F.3d 127, 134 & n.5 (5th Cir. 2009) (holding participation of individual plaintiffs required to resolve individualized element of coercion in free-exercise claim, and emphasizing that associational standing not satisfied when claims asserted require participation of individuals).

obtain public-school employment without restriction is not a recognized "legally protected interest" that can confer standing upon Plaintiff to maintain any of its federal claims. *City of Jacksonville*, 508 U.S. at 663; *Pederson*, 213 F.3d at 871. Thus, Plaintiff's claim is insufficient for associational standing because the alleged injury is neither concrete nor imminent. See *Lujan*, 504 U.S. at 560 (requiring an injury in fact that is concrete and actual or imminent, not conjectural or hypothetical); *City of Kyle*, 626 F.3d at 237.

    Plaintiff also asserts organizational standing:

> [a]n organization may establish injury in fact by showing that it had diverted significant resources to counteract the defendant's conduct; hence, the defendant's conduct significantly and "perceptibly impaired" the organization's ability to provide its "'activities-with the consequent drain on the organization's resources . . . ."

*Id.* at 238 (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982)). Plaintiff claims injury arising from its alleged loss of members to UIL-affiliated chapters and anticipated loss of members in the future. Plaintiff asserts a constitutionally protected interest in requiring Defendants to act to protect Plaintiff's fiscal interests. Plaintiff's claim fails because Plaintiff has no legally protected right to require Defendants to act in a way that ensures that Plaintiff does not lose any of its membership. Moreover, the Court finds that Plaintiff has not pleaded any facts to demonstrate the requisite connection between Plaintiff's past or future loss of membership and Defendants' challenged conduct. See *Sprint Comm'ns Co., L.P. v. APCC Servs.*, 554 U.S. 269, 273 (2008) (injury must be "fairly traceable" to defendant's conduct); *Lujan*, 555 U.S. at 560.

    The Court further finds that Plaintiff has not explained how Defendants' conduct will concretely and perceptibly impair Plaintiff's ability to carry out its purpose. See *Havens*, 455 U.S. at 379. At most, Plaintiff has established a possible setback to its interests due to the possibility that

Plaintiff may lose membership and thus membership dues. *Id.* Therefore, the Court concludes that there is no injury in fact and will dismiss this cause for lack of standing.[3]

*Plaintiff's State-Law Claims*

Having concluded that Plaintiff lacks standing, warranting dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims in this cause. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988); *Guzzino v. Felterman*, 191 F.3d 588, 594 (5th Cir. 1999); 28 U.S.C. § 1367(c)(3) (2006).

### Conclusion

In accordance with the foregoing,

**IT IS ORDERED** that this Court's November 30, 2010 Order Granting Preliminary Injunction and the preliminary injunction so ordered are **VACATED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss filed October 29, 2010 (Doc. #23) and Defendants' [Second] Motion to Dismiss filed November 23, 2010 (Doc. #37) are **GRANTED**. All of Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE**.

---

[3] Having concluded that Plaintiff lacks standing, thereby divesting the Court of subject-matter jurisdiction, the Court need not address Defendants' argument that Plaintiff has failed to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6).

A Final Judgment shall be rendered subsequently in this cause.

SIGNED this **17th** day of March, 2011.

                                         LEE YEAKEL
                                         UNITED STATES DISTRICT JUDGE